J-S29030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN CHARLES CLARK | : | |
| | : | |
| Appellant | : | No. 407 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 9, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000095-2022

BEFORE: DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED: September 26, 2024**

Appellant, John Charles Clark, appeals from the judgment of sentence entered in the Mercer County Court of Common Pleas, following his plea of *nolo contendere* to involuntary deviate sexual intercourse ("IDSI").[1] We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> [Appellant] was convicted by no contest plea of [IDSI], complainant less than 16 years of age, a Felony of the First Degree in violation of 18 [Pa.C.S.A. §] 3123(a)(7)[2] and

---

[1] 18 Pa.C.S.A. § 3123(a)(7).

[2] At the plea hearing, the Assistant District Attorney stated that if the case had proceeded to trial, the Commonwealth would have called various witnesses who would have collectively testified that on or about January 6, 2022, authorities learned that Victim's mother had reported an alleged sexual
*(Footnote Continued Next Page)*

was sentenced [by way of a negotiated plea agreement] on March 9, 2023 to incarceration for not less than 3½ years nor more than 7 years. On that same date, after a hearing at which the Commonwealth presented the testimony of Julia Lindemuth, a member of the Pennsylvania Sex Offender Assessment Board [("SOAB")], this [c]ourt found that [Appellant] met the criteria to be classified as a Sexually Violent Predator ("SVP"). [Appellant] wrote a *pro se* letter to the [c]ourt, which was filed of record on March 17, 2023, wherein he complained about his classification as a SVP. This [c]ourt viewed the letter as a *pro se* Post Sentence Motion and denied it without a hearing. Through counsel, [Appellant] then filed a Notice of Appeal on April 6, 2023, from the Order of March 9th classifying [Appellant] as a SVP.

This [c]ourt ordered [Appellant] to file a Concise Statement of Errors Complained of on Appeal. [Appellant] filed his Statement of Errors Complained of on Appeal on April 27, 2023, and a post-appeal conference was held that same date.

Counsel for [Appellant] failed to comply with Appellate Procedure Rule 3517 and the appeal was dismissed. This [c]ourt reinstated [Appellant's] appellate rights and this timely appeal followed [on April 4, 2024. Appellant filed another Rule 1925(b) statement on April 16, 2024, now represented by new counsel].

---

assault of Victim. Victim disclosed that her mother's boyfriend, Appellant, had been subjecting her to unlawful sexual contact on and off for several years, with the last incident taking place about one month ago. According to Victim, Appellant told her not to tell anybody, and that if she ever did, he would go to jail for a very long time. Victim underwent a forensic interview on January 14, 2022, during which Victim indicated that Appellant sexually assaulted her multiple times at her residence and in Appellant's truck. Specifically, Victim stated that Appellant would perform oral sex on her, make her perform oral sex on him, Appellant would rub her vagina, and Appellant would make her touch Appellant's penis. These assaults occurred when Victim was between the ages of eight and eleven; Appellant was over four years older than Victim at the time of the assaults. (***See*** N.T. Plea Hearing, 11/7/22, at 13-15).

(Trial Court Opinion, filed 4/26/24, at 1-2).

Appellant raises one issue for our review:

> Whether the trial court erred by finding the Commonwealth met [its] burden of clear and convincing evidence that [Appellant] is to be classified as a [SVP] pursuant to 42 Pa.C.S.A. § 9799.24(e)(3).

(Appellant's Brief at 5).

Appellant argues that Ms. Lindemuth testified that her SVP determination rested upon Appellant being diagnosed with pedophilic disorder. Appellant asserts that Ms. Lindemuth also testified that pedophilic disorder is a lifetime condition where the interest in prepubescent children remains for a lifetime. Additionally, Appellant contends that Ms. Lindemuth testified that the likelihood of re-offending with pedophilic disorder is high. Appellant emphasizes that Ms. Lindemuth agreed that Appellant had gone 53 years without having any prior allegations concerning sexual offenses and/or deviation. Appellant further emphasizes that the instant conviction is the first sexual related conviction on Appellant's record. Based upon Ms. Lindemuth's testimony, Appellant avers that if he had pedophilic disorder, it would stand to reason that Appellant would have acted upon those desires earlier than age 57.

Appellant submits that Ms. Lindemuth's testimony was not so clear, direct, weighty and convincing to support his SVP classification. Appellant suggests that his conviction and the facts stemming therefrom are inconsistent with Ms. Lindemuth's testimony regarding pedophilic disorder.

Appellant posits that, based on Ms. Lindemuth's testimony, any individual who is convicted of a sexual offense involving a minor would be classified as a SVP. Appellant concludes that the record contains insufficient evidence that Appellant suffered from a pedophilic disorder, such that he can be classified as a SVP, and this Court must grant relief. We disagree.

Challenges to the sufficiency of the evidence supporting a trial court's SVP designation are governed by the following principles:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa.Super. 2015), *appeal denied*, 633 Pa. 763, 125 A.3d 1199 (2015) (quoting *Commonwealth v. Baker*, 24 A.3d 1006, 1033 (Pa.Super. 2011)). "SVP" is defined as:

> A person who has been convicted of a sexually violent offense … and who is determined to be a [SVP] … due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition … that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. Predatory conduct is

- 4 -

defined as an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization. Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to re-offend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an "independent element."

**Commonwealth v. Leatherby**, 116 A.3d 73, 84-85 (Pa.Super. 2015)

(quoting **Commonwealth v. Stephens**, 74 A.3d 1034, 1038-39 (Pa.Super. 2013)).

SOAB evaluators must consider the following factors when performing SVP assessments:

(1)     Facts of the current offense, including:

    (i)    Whether the offense involved multiple victims.

    (ii)    Whether the individual exceeded the means necessary to achieve the offense.

    (iii)    The nature of the sexual contact with the victim.

    (iv)    Relationship of the individual to the victim.

    (v)    Age of the victim.

    (vi)    Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

    (vii)    The mental capacity of the victim.

(2)     Prior offense history, including:

    (i)  The individual's prior criminal record.

    (ii)  Whether the individual completed any prior sentences.

    (iii)  Whether the individual participated in available programs for sexual offenders.

  (3)  Characteristics of the individual, including:

    (i)  Age of the individual.

    (ii)  Use of illegal drugs by the individual.

    (iii)  A mental illness, mental disability or mental abnormality.

    (iv)  Behavioral characteristics that contribute to the individual's conduct.

  (4)  Factors that are supported in sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.58(b).

Instantly, the trial court evaluated Appellant's issue on appeal as follows:

> … Ms. Lindemuth was qualified as an expert in the field of [SVP] assessments. This [c]ourt credited all of Ms. Lindemuth's testimony.
>
> Some important facts and opinions the [c]ourt considered are as follows. [Appellant] was in a romantic relationship with the victim's mother, and they lived in the same household. The victim was approximately between the ages of 8 and 11. It is likely she was prepubescent or in the early stages of puberty. [Appellant] was about 53 to 56 years old. [Appellant] meets the criteria for pedophilic disorder, which requires a persistent sexual interest in prepubescent children with behaviors lasting at least six months. The

- 6 -

> victim stated [Appellant] was telling her he didn't just love her, he was in love with her. Ms. Lindemuth explained how [Appellant] met the statutory criteria for classification as a SVP and opined that he met the criteria.
>
> When it came time for this [c]ourt to rule, it noted that [Appellant] repeatedly and frequently sexually assaulted the young victim over the course of nearly three years. This pattern of behavior, together with [Appellant's] pedophilic disorder, and Ms. Lindemuth's opinions, provided ample evidence upon which this [c]ourt relied.

(Trial Court Opinion at 2-3) (internal citations omitted).

Here, Ms. Lindemuth testified at the SVP hearing that she considered the factors outlined in Section 9799.58(b). *See* 42 Pa.C.S.A. § 9799.58(b). Ms. Lindemuth stated that Appellant met the criteria for pedophilic disorder, which is a mental abnormality under the law. Ms. Lindemuth explained that Appellant met the criteria for pedophilic disorder because he was engaging in sexual behaviors with Victim when she was approximately eight years through eleven years old, which is consistent with pedophilic disorder non-exclusive type, meaning Appellant is attracted to both age appropriate and prepubescent individuals. Ms. Lindemuth noted Appellant's prolonged offending of Victim, which Ms. Lindemuth found was evidence that Appellant was unable to control himself. Ms. Lindemuth testified that Appellant acted in a predatory sexual fashion where Appellant was a trusted member of Victim's household and used his relationship with Victim to facilitate and support the victimization. Ms. Lindemuth also explained that the absence or presence of certain factors under Section 9799.58(b) is not conclusive; rather, the factors

help the SOAB evaluators highlight the behaviors of the offender and the offender's history to help determine whether there is chronic sexual deviance or anti-sociality. Based on her findings, Ms. Lindemuth opined that Appellant was a SVP. (**See** N.T. SVP Hearing, 3/9/23, at 13-23).

The court credited Ms. Lindemuth's testimony to conclude that Appellant suffers from a mental abnormality that makes him likely to re-offend. **See Leatherby, supra**. Viewing this evidence in the light most favorable to the Commonwealth, the trial court correctly determined that the Commonwealth presented clear and convincing evidence to support Appellant's classification as a SVP. **See Hollingshead, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/26/2024